Parker C. J.,
in delivering the opinion of the Court, said in substance, that the case depended on the question, whether the plaintiff’s instructions to the defendant were peremptory or discretionary, under circumstances not contemplated at the time. The counsel for the plaintiff have argued as if the in structions to sell were peremptory, so that if the defendant could not sell he was bound to bring the articles back. But we do not think this the true construction. There is nothing that looks like an order to bring back the articles, if the defendant should be unable to sell; and it is well known law, that if a consignee cannot sell without a great sacrifice of the property, he is not obliged to sell; such a circumstance being considered as an unexpected contingency. The defendant was unable to effect a sale at Norfolk, Alexandria or Georgetown, and the question is, whether it was necessary for him to bring back these bulky articles to the land of stones, or whether he might leave them where they might become valuable. We think that the leaving of them in the hands of a person in good credit at the time, was not a breach of duty in the defendant.

Judgment according to the verdict.